United States District Court
Southern District of Texas
**ENTERED**
March 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY RUSSELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-02862 |
| | § | |
| STATE FARM LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

**I.**

Before the Court is the plaintiff's, Kimberly Russell, motion for summary judgment based on her original complaint[1] [DE 12]. The defendant, State Farm Insurance Company has filed a response [DE 16]; hence, the matter is fully before the Court. After a careful review of the arguments of the parties, the Court determines that the plaintiff's motion should be denied.

**II.**

On or about January 7, 2022, the plaintiff applied for a life insurance policy on the life of her son, Davion D'Angelo Smith. The defendant Issued Policy Number LF-4121-9272 in due course. On May 26, 2022, however, the insured died from gunshot wounds. The plaintiff filed a timely claim seeking to recover insurance policy proceeds. Instead of paying the Policy proceeds to the plaintiff, the defendant sought information from the plaintiff and others concerning the decedent, his heirs, and, as well, verification of the information provided to questions on the

---

[1] On February 6, 2025, the plaintiff filed an Amended Complaint [DE 14]. However, the Complaint does not add new claims or otherwise impact the resolution of the plaintiff's motion for summary judgment.

Application. One component of the defendant's inquiry concerned whether the decedent had a criminal record and, if so, to verify whether the public data that it had obtained belonged to the insured.

Public records reflect that a male with the same name as the plaintiff's son had been incarcerated in prison at the Texas Department of Criminal Justice from January 16, 2019, to December 21, 2021. Other public records revealed that the plaintiff's son had a criminal history that included records revealing contact(s) with the Harris County Sheriff's Department. The plaintiff failed to provide any such information during the Application process.

### III.

The plaintiff now contends that she has provided the defendant with the information subsequently requested and has thoroughly cooperated with all inquiries and authorization request forms need to obtain public/private records. Despite her cooperation, however, the plaintiff asserts that the defendant has failed to pay the insurance proceeds or issue a formal denial of her claim.

The defendant asserts that it would not have issued the policy had the plaintiff not withheld pertinent and disqualifying information on the Policy Application. Moreover, the defendant argues, the Application was completed just days after the plaintiff's son was released from prison; thus, the plaintiff withheld critical information. The defendant points to the statement on the Application which it relies on as the basis for not paying the Policy proceeds. That provision states:

> "All Proposed Insureds and the Applicant state that the information in this Application and any medical history is true and Complete to the best of their knowledge and belief. Information is not true and complete to the best of their knowledge and belief if it misrepresents or omits a fact which a Proposed Insured or the Applicant knew or should have known, regardless whether the misrepresentation or omission was intentional. *It is agreed that the Company can investigate the truth and completeness of such information while this policy is contestable*." [Emphasis by defendant.]

IV.

The plaintiff seeks summary judgment on her breach of contract claim, violations of the Texas Insurance Code, mental anguish, and for additional damages under the Deceptive Trade Practices Act. The plaintiff's motion for summary judgment fails on all claims.

Summary judgment is appropriate where the filings and the record show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). The court must construe "all facts and inferences . . . in the light most favorable to the nonmoving party." *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying where the record "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets its burden, the burden shifts to the nonmovant to "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of [the claims in the] case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

V.

It is undisputed that the plaintiff withheld information the defendant's required to complete the Application that was critical to the approval process. The Application called for information concerning the insured's health and criminal history, among other things. However, the plaintiff failed to disclose that the insured had been incarcerated within three preceding years of the

Application and, in fact, that he had been released from prison several weeks prior to the Application process. The plaintiff, therefore, misrepresented the criminal history of the insured. Hence, the defendant is authorized to cancel the Policy within the contestability period. The plaintiff's motion for summary judgment is Denied.

It is so Ordered.

SIGNED on March 3, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge