United States District Court
Southern District of Texas
**ENTERED**
March 06, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIMBERLY RUSSELL, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-02862 |
| § | |
| STATE FARM LIFE INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Pending before the Court is the plaintiff's, Kimberly Russell ("Kimberly"), motion for summary judgment (Dkt. No. 12). The defendant, State Farm Life Insurance Company ("State Farm"), has filed a response to the plaintiff's motion (Dkt. No. 16). After reviewing the motion, the pleadings, the record, and the applicable law, the Court determines that the plaintiff's motion should be **DENIED**.

### II.   FACTUAL BACKGROUND

On January 7, 2022, Davion D'Angelo Smith obtained a life insurance policy from State Farm Life Insurance Company. Following his passing on May 26, 2022, his mother and named beneficiary, Kimberly Russell, promptly filed a claim. In this suit, she alleges that State Farm engaged in prolonged delays and excessive documentation requests, beginning with a basic request on August 16, 2022. She also claims that despite her prompt compliance, State Farm repeatedly asked for additional or revised documents without clear justification. Over the next year, the

company allegedly sent multiple "still processing" notices without providing substantive updates or raising specific concerns about coverage.

On April 12, 2023, nearly a year after Smith's passing, State Farm requested records from the Texas Department of Pardons and Paroles and the Texas Department of Criminal Justice. Kimberly argues that she continued to cooperate, but the claim remained unpaid without a legitimate basis for denial. On June 3, 2024, Kimberly's counsel sent a demand letter highlighting State Farm's delays and requesting payment. The complaint alleges that State Farm has intentionally delayed payment by demanding unnecessary document requests, has failed to explain delays, and has been non-responsive.

## III.   STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## IV.   ANALYSIS & DISCUSSION

Here, State Farm has clearly identified factual disputes. The application submitted by Kimberly Russell for Davion Smith's life insurance policy explicitly asked whether he had been

convicted of a felony or incarcerated in the past three years. Despite Smith's recent release from incarceration, just 17 days before the application date, both Russell and Smith falsely answered "No." State Farm contends that had it known of this incarceration, it would not have issued the policy. After Smith's death, State Farm requested documents from Russell, including authorization forms and criminal records from Harris County. Russell did not provide the records, instead responding that she did not possess them and instructed State Farm to retrieve them on its own. This conduct also raises a factual dispute over whether Russell failed to cooperate in the claims process, which is relevant to determining whether the claim was properly denied.

Under Texas Insurance Code § 705.051, a material misrepresentation in an insurance application can serve as a basis for denial of coverage if it affects the risk assumed by the insurer. Texas courts have held that misrepresentation about an applicant's criminal history and incarceration status are material when they impact underwriting decisions. *American National Insurance Co. v. Arce*, 672 S.W.3d 347 (Tex. 2023).

Given that both Russell and Smith signed the application affirming that the information was accurate, State Farm was decieved. Courts have found that when an insurer relies on false representations, it has grounds to void the policy. State Farm has provided an affidavit from its representative stating that knowledge of Smith's incarceration would have led to a denial of coverage. This uncontested evidence supports State Farm's argument that the misrepresentation was material.

Given the disputed issues of fact regarding (1) whether Russell properly disclosed Smith's criminal history and (2) whether she failed to provide requested records. Summary judgment in the plaintiff's behalf is inappropriate. Furthermore, State Farm's undisputed evidence

demonstrates that material misrepresentations was made by the plaintiff and that the policy is void.

Accordingly, Kimberly's motion for summary judgment is **DENIED**.

It is so **ORDERED**.

SIGNED on March 6, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge