# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **KIMBERLY RUSSELL,** § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-cv-02862 |
| § | <u>JURY</u> |
| **STATE FARM LIFE INSURANCE** § | |
| **COMPANY,** § | |
| Defendant. § | |

## STATE FARM LIFE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Respectfully submitted,

**THE LAW OFFICE OF ARMANDO DE DIEGO, P.C.**

By:   /s/   Armando De Diego
    ARMANDO DE DIEGO
    State Bar No. 05635400
    Email: adediego@dediego.com

    HARVEY G. JOSEPH
    State Bar No. 11027850
    Email: hjoseph@dediego.com

1201 Griffin St W
Dallas, Texas 75215-1030
Telephone:   (214) 426-1220
Facsimile:   (214) 426-1246

**ATTORNEYS FOR DEFENDANT, STATE FARM LLOYDS**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -ii-

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -iii-

I.  SUMMARY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  STATEMENT OF THE ISSUE(S). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  STATEMENT OF MATERIAL FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.  SUMMARY JUDGMENT EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

V.  ARGUMENTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

   A.  Summary Judgment Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
   B.  Summary Judgment is Proper on all of Plaintiff's Causes of Action . . . . . . . . . . 9

VI.  CONCLUSION AND PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

**CASES**

*Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 896
    (5th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*American National Insurance Company v. Arce,* 672 S.W.3d 347
    (Tex. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Anderson v. Liberty Lobby,* 477 U.S. 242, 255-56 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Austin v. Kroger Texas, L.P.,* 864 F.3d 326, 328 (5th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Barfield v. Madison Cnty.*, 212 F..3d 269, 271-72 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . 9

*Beard v. Banks,* 548 U.S. 521, 529 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bellard v. Gautreux*, 675 F.3d 454, 460 (5th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-9

*Cimarex Energy Co. v. CP Well Testing, L.L.C.*, 26 F.4th. 683, 687
    (5th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Crudader Gun Group, L.L.C. v. James*, 118 F.4th 648, 651 (5th Cir. 2024). . . . . . . . . . . . . . . . 10

*Doe v. Doe.*, 941 S.W.2d 280, 287 (5th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . 9

*Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Dyer v. Houston,* 964 F.3d 374, 379 (5th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.), *cert denied*, 513 U.S.871 (1994) . . . . . . . . . . . . 8

*Gasperini v. Ctr. for Humans, Inc.*, 518 U.S. 415, 426 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Graper v. Mid-Continent Casualty Company*, 756 F.3d 388, 391
    (5th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Hockman v. Westward Communications, LLC*, 407 F.3d 317, 325
     (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Landeros v. Transamerica Life Insurance Company*, 2020 WL 3107795 at * 4
     (S. D. Tex. 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Lee v. Nat'l Life Assurance Co. of Canada*, 635 F.2d 516, 517
     (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Massachusetts Mut. Ins. Co. v. Mitchell*, 859 F.Supp.2d 865, 870
     (S.D. Tex. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) . . . . . . . . . . . . . . 8

*Maves v. Massachusetts Life Iins. Co.*, 608 S.W.2d 612 (Tex. 1980) . . . . . . . . . . . . . . . . . . . . . 10

*McGreevy v. DT Whisky Technologies, Inc.*, 2024 WL 4482133 at * 1 (N.D. Tex. 2024). . . . . . . 7

*North American Company for Life and Health Insurance v. Rasmussen*, 2024 WL 3659329
     (S.D. Tex. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Orr v. Copeland,* 844 F.3d 484, 490 (5th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pak-Petro, Inc. v. American Western Home Insurance Company*, 2013 WL 5356898 at * 3
     (E.D. Tex. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Palma v. Allied Trust Insurance Co.,* 2024 WL 3765821 at * 2, 3
     (Tex. App.—Houston [14th Dist.] 2024, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Ragas v. Tenn. Gas Pipeline*, 136 F.3d 455, 458 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Rangel v. Doe*, 2025 WL 744479 at * 2 (S.D. Tex. 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Riner v. Allstate Life Ins. Co.,* 131 F.3d 530, 537 (Tex. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Robinson v. Reliable Life Ins. Co.,* 569 S.W.2d 28, 29 (Tex. 1978). . . . . . . . . . . . . . . . . . . . . . 11

*Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . 8

*Tiblier v. Diabel*, 743 F.3d 1004, 1007 (5th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Trejo-Munoz v. Henderson*, 615 F.Supp.3d 558, 561 (S.D. Tex. 2022). . . . . . . . . . . . . . . . . . . 10

*Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278 (Tex. 1994) . . . . . . . . . . . . . . . . . . . . . . . . 11

*United of Omaha Life Ins. Co. v. Halsell*, 2010 WL 376428 at * 4
   (W.D. Tex. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1285 (5th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . 7

*Webb v. Cardiothoracic Surgery Assocs. of North Texas, P.A.*, 139 F.3d 532, 536
   (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Whisenhunt v. WestRock, Texas, L.P.*, 628 F.Supp.3d 693, 698 (E.D.Tex. 2022) . . . . . . . . . . . . 8

*Williams v. Bexar County*, 2024 WL 3326082 at * 4 (5th Cir. 2024) . . . . . . . . . . . . . . . . . . . . 7, 9

## STATUTES

TEX. INS. CODE § 705.051. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## FEDERAL RULES

FED. R. CIV. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

FED. R. CIV. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KIMBERLY RUSSELL,**<br>      **Plaintiff,** | §<br>§<br>§ | |
| **VS.** | §<br>§ | **CIVIL ACTION NO. 4:24-cv-02862**<br>**JURY** |
| **STATE FARM LIFE INSURANCE COMPANY,**<br>      **Defendant.** | §<br>§<br>§<br>§ | |

---

**STATE FARM LIFE INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

State Farm Life Insurance Company ("State Farm"), Defendant in the above-titled and numbered cause, and pursuant to FED. R. CIV. P. 56, files its Motion for Summary Judgment and Brief in Support and in support thereof would respectfully show the Court the following:

**I.   SUMMARY**

In Plaintiff's Amended Complaint, Plaintiff is seeking the recovery of actual and additional damages based on contractual and extra-contractual claims in connection with the handling of a life insurance claim.

For the reasons stated in this Motion for Summary Judgment and Brief in Support, State Farm is entitled to summary judgment on all of Plaintiff's causes of action.

1

**II.     STATEMENT OF THE ISSUE(S)**

The issue to be decided is whether State Farm lawfully denied Plaintiff's claim because of the material misrepresentations made in the policy application by Plaintiff and her son.

**III.    STATEMENT OF MATERIAL FACTS**

On January 7, 2022, Kimberly Russell applied for a life insurance policy with State Farm for coverage on Davion Smith, her son. (A true and correct copy of the application is attached to this Motion as Exhibit 1, Apx. 004-016). In the application, Ms. Russell answered "No" to Question 13, which asked if, within the last three (3) years, Davion Smith had: (1) been convicted of or pleaded guilty to a felony; (2) been charged with a crime; (3) placed on supervised release or probation; and (4) been incarcerated or facing incarceration as the result of a guilty plea or conviction (Exhibit 1, Apx. 012.) This answer was false.

The truth was that Davion Smith had been incarcerated for felony possession of a weapon at the Texas Department of Criminal Justice from January 16, 2019 to December 21, 2021. (A true and correct copy of the Texas Department of Criminal Justice Record is attached to this Motion as Exhibit 2, Apx. 018-037.) The application for life insurance coverage requested information of the applicant, Kimberly Russell, and the proposed insured, Davion Smith. Kimberly Russell and Davion Smith lied on the Life Insurance Application and both stated and affirmed Davion Smith had not been convicted of a felony and had not been incarcerated in the three years before the date of the application, even though the truth was Davion Smith had not just been released from incarceration 17 days before the date of the application.

On May 26, 2022, Mr. Smith died from gunshot wounds. (A true and correct copy of Russell's Life Insurance claim form is attached to this Motion as Exhibit 3, Apx. 039-048.) This

form was filed with State Farm on August 7, 2022. In handling the insurance claim, the following is the chronology of events:

- On August 16, 2022, State Farm requested the following documents from Kimberly Russell to assist in processing the insurance claim: (1) Authorization-Need Insureds name indicated at the top and witnessed; (2) Statement of Surviving Children-Need the minor's mailing address/SSN/other parent name added. (A true and correct copy of this letter is attached to this Motion as Exhibit 4, Apx. 050-052).

- On August 30, 2022, State Farm requested the following documents from Kimberly Russell to assist in processing the claim: (1) Revised Authorization-Please resubmit a witnessed copy of the enclosed authorization. Please also add the insured's name to the top of the form; (2) Criminal records from Harris County Sheriff's Department. (A true and correct copy of this letter is attached to this Motion as Exhibit 5, Apx. 054-055).

- On October 11, 2022, State Farm requested the following documents from Russell to complete the processing of the claim: (1) Criminal Records from Harris County Sheriff's Department. (A true and correct copy of this letter is attached to this Motion as Exhibit 6, Apx. 058).

- On December 2, 2022, State Farm requested the following documents from Russell to complete the processing of the claim: (1) Criminal records from Harris County Sheriff's Department. (A true and correct copy of this letter is attached to this Motion as Exhibit 7, Apx. 060).

Instead of providing the requested information, and likely because she was aware of the misrepresentations made in the application for life insurance coverage, and worried about what these documents would show, Kimberly Russell sent State Farm a letter dated December 2, 2022 with the handwritten note, "I do not have Harris County Records, Please contact them and stop sending me these letters. I provided a death certificate." (A true and correct copy of this letter is attached to this Motion as Exhibit 8, Apx. 062).

Also during this time and as part of handling the insurance claim for benefits, State Farm was also trying to get records from the purported guardian of the minor beneficiary's estate, Emma Barideux, the minor's mother.

- On January 3, 2023, State Farm requested the following documents from Emma Barideaux: (1) Life Insurance Claim Form; (2) Court Order-Guardian of Minor's Estate; (3) Supplementary Contract Form. (A true and correct copy of this letter is attached to this Motion as Exhibit 9, Apx. 064-065).

- An identical letter was sent to Barideaux on February 14, 2023 and another almost identical letter on March 17, 2023. (A true and correct copy of these letters are attached to this Motion as Exhibits 10 and 11, Apx 067-068 and 070-071).

Finally, since the information and documents was not provided by the beneficiaries and owner of the life insurance policy, State Farm sought and acquired the records from the Texas Department of Criminal Justice relating to Davion Smith's incarceration. (See Exh. 2, Apx. 018-037). After the facts of the incarceration were discovered, on May 22, 2023, State Farm sent Kimberly Russell the claim decision letter denying the insurance claim based on the misrepresentations made by Kimberly Russell and Davion Smith on the application for life insurance

4

coverage. (A true and correct copy of this letter is attached to this Motion as Exhibit 12, Apx. 073). This letter explains in detail the reasons for the denial of the insurance claim and, in particular, that Davion Smith's incarceration had not been disclosed in insurance application and had State Farm known Davion Smith had been incarcerated less than a month before the date of the application, the insurance policy would not have been issued. This letter also advised Kimberly Russell, "[o]ur check for $92.13 has been sent to Frazier-Mitchell Funeral Service, Inc. This represents your portion of the full refund of premiums paid." Frazier-Mitchell Funeral Service, Inc. had previously advised State Farm of their lien on the insurance proceeds. (Exhibit 16, Apx. 121-129). Thereafter, on June 23, 2023, State Farm sent a letter to Kimberly Russell advising her, "[w]e have been unsuccessful in reaching the guardian of Minor Barideaux regarding their portion of the return of premium on the above policy. Therefore, a check payable to you for $92.13 is enclosed. This represents the remaining refund of the premiums paid." (A true and correct copy of this letter is attached to this Motion as Exhibit 13, Apx. 075.) Kimberly Russell never cashed the $92.13 check and on October 16, 2023, State Farm sent her a letter stating, "If we do not hear from you by 10/30/2023, we will have to treat the money as unclaimed and place it into an unclaimed asset account. We will send you a replacement check if you request it." (A true and correct copy of this letter is attached to this Motion as Exhibit 14, Apx. 077).

The subject insurance policy issued on January 7, 2022 is attached to the affidavit of Kevin Mann (Exhibit 15, Apx. 079-080) as Appendix pages 081-119. State Farm would not have issued the subject insurance policy had it been advised of Davion Smith's incarceration just a few days before the date of the application (See Exhibit 15, the affidavit of Kevin Mann at Apx. 080). As stated in the application,

5

> "All Proposed Insureds and the Applicant state that the information in this Application and any medical history is true and Complete to the best of their knowledge and belief. Information is not true and complete to the best of their knowledge and belief if it misrepresents or omits a fact which a Proposed Insured or the Applicant knew or should have known, **regardless whether the misrepresentation or omission was intentional**. It is agreed that the Company can investigate the truth and completeness of such information while this policy is contestable."

(emphasis added) (Apx. 112).

IV.     **SUMMARY JUDGMENT EVIDENCE**

1. Life Insurance Application.

2. Texas Department of Criminal Justice Record.

3. Life Insurance Claim Form.

4. Letter dated August 16, 2022 from State Farm to Kimberly Russell.

5. Letter dated August 30, 2022 from State Farm to Kimberly Russell.

6. Letter dated October 11, 2022 from State Farm to Kimberly Russell.

7. Letter dated December 2, 2022 from State Farm to Kimverly Russell.

8. Handwritten note dated December 2, 2022 from Kimberly Russell to State Farm.

9. Letter dated January 3, 2023 from State Farm to Emma Barideaux.

10. Letter dated February 14, 2023 from State Farm to Emma Barideaux.

11. Letter dated March 17, 2023 from State Farm to Emma Barideaux.

12. Letter dated May 22, 2023 from State Farm to Kimberly Russell.

13. Letter dated June 23, 2023 from State Farm to Kimberly Russell.

14. Letter dated October 16, 2023 from State Farm to Kimberly Russell.

15. Affidavit of Kevin Mann w/Policy and Application.

16. Benefits Verification and Irrevocable Reassignment from Directors Funding Source on behalf of Frazier Mitchell Funeral Service.

17. Affidavit of Armando De Diego.

18. Memorandum and Order entered March 3, 2025.

V. **ARGUMENTS AND AUTHORITIES**

    A. **Summary Judgment Standard**

Federal rules govern procedural requirements for motions for summary judgment filed in federal cases, irrespective of the basis for the court's jurisdiction. *Doe v. Doe.*, 941 S.W.2d 280, 287 (5th Cir. 1991); *Pak-Petro, Inc. v. American Western Home Insurance Company*, 2013 WL 5356898 at * 3 (E.D. Tex. 2013). Summary Judgment is not "disfavored procedural shortcut," but rather an "integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986); *McGreevy v. DT Whisky Technologies, Inc.*, 2024 WL 4482133 at * 1 (N.D. Tex. 2024) (same).

Summary Judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett.*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tenn. Gas Pipeline*, 136 F.3d 455, 458 (5th Cir. 1998). However, discovery is not a prerequisite to the granting of a motion for summary judgment. *Williams v. Bexar County*, 2024 WL 3326082 at * 4 (5th Cir. 2024); *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1285 (5th Cir. 1990). An issue is *genuine* if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 255-56 (1986); *Austin v. Kroger Texas, L.P.,* 864 F.3d

326, 328 (5th Cir. 2017). A fact is material when it is relevant or necessary to the ultimate conclusion of the case. *Anderson,* 477 U.S. at 248; *Rangel v. Doe*, 2025 WL 744479 at * 2 (S.D. Tex. 2025). Non-material factual disputes are not to be considered. *Dyer v. Houston,* 964 F.3d 374, 379 (5th Cir. 2020); *Tiblier v. Diabel*, 743 F.3d 1004, 1007 (5th Cir. 2014).

FED. R. CIV. P. 56(c) places the initial burden on the moving party to identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323. The movant's burden is only to point out the absence of evidence supporting the nonmovant's case. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1991).

When the moving party has carried its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party bears the burden of coming forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The nonmovant may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial. *Webb v. Cardiothoracic Surgery Assocs. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998).

Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010); *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Orr v. Copeland,* 844 F.3d 484, 490 (5th Cir. 2016); *Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.), *cert denied*, 513 U.S.871 (1994); *Whisenhunt v. WestRock, Texas, L.P.*, 628 F.Supp.3d 693, 698 (E.D.Tex. 2022).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Beard v. Banks,* 548 U.S. 521, 529 (2006); *Ragas,* 136 F.3d at 458; *Rangel,* 2025 WL 744479 at * 3. This Court has no duty to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Williams,* 2024 WL 3326082 at * 3; *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 896 (5th Cir. 2013); *Ragas*, 136 F.3d at 458. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322-23; *Rangel*, 2025 WL 744479 at * 3.

While federal law governs the procedural requirements for summary judgment, this Court applies state substantive law in diversity jurisdiction cases. *Cimarex Energy Co. v. CP Well Testing, L.L.C.*, 26 F.4th. 683, 687 (5th Cir. 2022); *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003). Therefore, in this case, Texas state law must be applied as interpreted by the Texas Supreme Court. *Graper v. Mid-Continent Casualty Company*, 756 F.3d 388, 391 (5th Cir. 2014); *Barfield v. Madison Cnty.*, 212 F..3d 269, 271-72 (5th Cir. 2000). If the state's highest court has not ruled definitively on an issue, "it is the duty of the federal court to determine as best it can, what the highest court of the state would decide." *Id.*

**B.     Summary Judgment is Proper on all of Plaintiff's Causes of Action**

Summary judgment is only proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Bellard v. Gautreux*, 675 F.3d 454, 460 (5th Cir. 2012); FED. R. CIV. P. 56. When considering a motion for

9

summary judgment, the trial court views all facts and evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the favor of the non-movant. *Crudader Gun Group, L.L.C. v. James*, 118 F.4th 648, 651 (5th Cir. 2024); *Hockman v. Westward Communications, LLC*, 407 F.3d 317, 325 (5th Cir. 2004). In diversity jurisdiction cases, such as this one, this Court will apply state substantive law and federal procedural law. *Gasperini v. Ctr. for Humans, Inc.*, 518 U.S. 415, 426 (1996); *Trejo-Munoz v. Henderson*, 615 F.Supp.3d 558, 561 (S.D. Tex. 2022).

Kimberly Russell and Davion Smith made material misrepresentations in the life insurance application about Davion Smith's incarceration within three years of the date of the application, and in fact 17 days before the date of the application (Apx. 018, 024 and 026). Texas Insurance Code Section 705.051 provides that in life insurance cases, a misrepresentation in the application does not defeat recovery under the policy unless the misrepresentation was of a material fact and affects the risks assumed. TEX. INS. CODE § 705.051; see also *American National Insurance Company v. Arce*, 672 S.W.3d 347 (Tex. 2023); *Palma v. Allied Trust Insurance Co.,* 2024 WL 3765821 at * 2, 3 (Tex. App.—Houston [14th Dist.] 2024, no pet.). The fact information about the incarceration of an insured within three years of the application date being material and affecting the risks being covered is amply demonstrated in the instant case where the insured was killed approximately six months after being released from his incarceration.

In addition to being false, it is also clear that Kimberly Russell and Davion Smith intended to deceive since they both answered question 13 regarding incarceration as being true and correct by applying their electronic signature to the application. These facts prove all of the elements needed to defeat the claim for benefits since the representation made was false, it was material, State Farm relied on it and the applicant and insured intended to deceive. *Arce, supra; Maves v. Massachusetts*

10

*Life Iins. Co.*, 608 S.W.2d 612 (Tex. 1980).; *Palma, supra.* Reliance on the facts in the application by State Farm is established when the insurer does not know the representation is false. *United of Omaha Life Ins. Co. v. Halsell*, 2010 WL 376428 at * 4 (W.D. Tex. 2010).

Kimberly Russell and Davion Smith made false statements in the application to induce State Farm to issue the life insurance policy. Under Texas law, the utterance of a known false statement, made with intent to induce action, is equivalent to an intent to deceive. *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278 (Tex. 1994). Intent to deceive can be established as a matter of law. *Lee v. Nat'l Life Assurance Co. of Canada*, 635 F.2d 516, 517 (5th Cir. 1981). Indeed, summary judgment or other dispositive actions on behalf of the insurance company have been granted under similar circumstances. *See Palma, supra*; *North American Company for Life and Health Insurance v. Rasmussen*, 2024 WL 3659329 (S.D. Tex. 2024). It is unfathomable Kimberly Russell and Davion Smith did not know Davion Smith was incarcerated just 17 days before the date of the application.

It is also clear State Farm would not have issued the policy had it known that Smith had recently been released from prison. (Apx. 080, Apx. 112, Apx. 018, Apx. 024, Apx. 026). The principal inquiry to determine materiality is whether the insurer would have accepted the risk if the true facts had been disclosed. *Robinson v. Reliable Life Ins. Co.,* 569 S.W.2d 28, 29 (Tex. 1978). Hence, this element of State Farm's material misrepresentation defense has been established as a matter of law.

Further, in order to establish the affirmative defense of material misrepresentation, the application must be attached to the policy. *See Riner v. Allstate Life Ins. Co.,* 131 F.3d 530, 537 (Tex. 1997). This was done in this case. (Exh. 15, Apx. 081-119). This defense may even be raised after the period of time set forth in the incontestability clause, *Massachusetts Mut. Ins. Co. v.*

*Mitchell*, 859 F.Supp.2d 865, 870 (S.D. Tex. 2012), just as long as the portion of the application is attached to the policy that establishes the material misrepresentation, *Landeros v. Transamerica Life Insurance Company*, 2020 WL 3107795 at * 4 (S. D. Tex. 2020). Fortunately, the entire application was included as part of the insurance policy in the instant case.

In additional support for the granting of this Motion for Summary Judgment, State Farm will quote from this Court's Memorandum and Order entered March 6, 2025 (Exhibit 18): "Given that both Russell and Smith signed the application affirming that the information was accurate, State Farm was decieved. Courts have found that when an insurer relies on false representations, it has grounds to void the policy. State Farm has provided an affidavit from its representative stating that knowledge of Smith's incarceration would have led to a denial of coverage. This uncontested evidence supports State Farm's argument that the misrepresentation was material.

"Given the disputed issues of fact regarding (1) whether Russell properly disclosed Smith's criminal history and (2) whether she failed to provide requested records. Summary judgment in the plaintiff's behalf is inappropriate. Furthermore, State Farm's undisputed evidence demonstrates that material misrepresentations was made by the plaintiff and that the policy is void."

## VI.  CONCLUSION AND PRAYER

For all of the reasons stated in this Motion for Summary Judgment and Brief in Support State Farm Life Insurance Company respectfully prays its Motion for Summary Judgment be granted.

Respectfully submitted,

**THE LAW OFFICE OF ARMANDO DE DIEGO, P.C.**

By:   /s/    Armando De Diego
      ARMANDO DE DIEGO
      State Bar No. 05635400
      Email: adediego@dediego.com

      HARVEY G. JOSEPH
      State Bar No. 11027850
      Email: hjoseph@dediego.com

1201 Griffin St W
Dallas, Texas 75215-1030
Telephone:  (214) 426-1220
Facsimile:  (214) 426-1246

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on this, the 27th day of June, 2025, a true and correct copy of the foregoing document has been personally served, as indicated below:

| | |
|---|---|
| Mr. Joe Synoradzki | ✔ Via Electronic Service |
| Mr. Eric B. Dick | ____ Via Certified Mail, RRE |
| **DICK LAW FIRM, PLLC** | ____ Via Facsimile |
| 3701 Brookwoods Drive | ____ Via Regular Mail |
| Houston, Texas 77092 | |

      /s/    Armando De Diego
ARMANDO DE DIEGO

13